UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WHITE, JR.,

       Plaintiff,                          CIVIL ACTION NO. 10-11397

     v.                                DISTRICT JUDGE MARK A. GOLDSMITH

JAMES TRAYSER, R. CASSA,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
F. POWELL, and SHERRY BURT,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT TRAYSER'S MOTION FOR SUMMARY JUDGMENT (D/E #22)**

**I. Introduction**

      This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived plaintiff of his rights under the United States Constitution.  The matter comes before the court on defendant Trayser's Motion for Summary Judgment (D/E #22).  Plaintiff filed a response in opposition to that motion (D/E #24).  For the reasons discussed below, this court recommends that Trayer's motion be **GRANTED**.

      Defendants Cassa, Powell, and Burt filed a separate motion for summary judgment (D/E #12).  On December 23, 2010, this court recommended that those three defendants be granted

-1-

summary judgment on all claims against them (D/E #27). If both reports and recommendations are accepted, then this case should be closed.

## II. Background

### A. Complaint

On April 8, 2010, plaintiff filed the complaint against defendants in this matter (D/E #1). In that complaint, plaintiff alleges that, on August 16, 2009, he found a wrist watch in the yard at the Parnell Correctional Facility in Jackson, Michigan. (Complaint, ¶ 1) The next day, correctional officers searched plaintiff's cell and found the watch. (Complaint, ¶ 2) The watch belonged to defendant Cassa, a sergeant at the Parnell Correctional Facility. (Complaint, ¶ 2)

Plaintiff alleges that, on September 13, 2009, defendant Trayser, a correctional officer at the Parnell Correctional Facility, assaulted plaintiff by slapping plaintiff on both shoulders and squeezing and pinching plaintiff. (Complaint, ¶ 5) Trayser is also alleged to have made an unidentified threat against plaintiff on September 14, 2009 and called plaintiff a liar, thief and asshole on September 23, 2009. (Complaint, ¶¶ 6-7) Plaintiff further alleges that Trayser improperly called him out of the chow line, yelled at plaintiff after plaintiff filed a grievance against Trayser, and wrote a false misconduct ticket against plaintiff. (Complaint, ¶¶ 8-10) According to plaintiff, on November 28, 2009, Trayser also placed a cup of coffee in front of plaintiff, while plaintiff was with several other prisoners, and said "Thank you for the information about who is bringing in the Tobacco [sic], we will talk again." (Complaint, ¶ 11) Plaintiff asserts that, by doing so, Trayser intentionally endangered plaintiff's life. (Complaint, ¶ 11)

According to plaintiff, such actions violated plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. As relief, plaintiff seeks a declaratory judgment, an arrest and prosecution of Trasyer, compensatory damages, fees and costs, and all other appropriate relief. (Complaint, p. 10)[1]

### B. Pending Motion for Summary Judgment

On October 1, 2010, defendant Trayser filed a motion for summary judgment (D/E #22). In that motion, defendant Trayser argues that he is entitled to summary judgement on plaintiff's plaintiff's Eighth Amendment claim because plaintiff cannot establish that Trayser's conduct was objectively and sufficiently serious enough to constitute an Eighth Amendment violation. Trayser also argues that he is entitled to summary judgment on plaintiff's retaliation claims because Trayser only issued major misconduct violations because plaintiff violated disciplinary rules. Trayser further argues that the Prison Litigation Reform Act (PLRA) bars plaintiff's claim because he failed to establish an actual physical injury. Lastly, Trayser argues that he is entitled to Eleventh Amendment and qualified immunities.

On October 27, 2010, plaintiff filed a response in opposition to defendant Trayser's motion for summary judgment (D/E #24). In that response, plaintiff argues that defendants retaliated against plaintiff through a false misconduct ticket, harassment, and transfers. Plaintiff also argues that Trayser's actions rise to the level of an Eighth Amendment violation and that

---

[1] On April 16, 2010, plaintiff filed a Motion to Amend the Complaint (D/E #3), seeking to make a slight correction regarding the requested declaratory judgment. This court subsequently ordered that plaintiff's motion to amend be granted and that the amendment be deemed filed. (D/E #11)

even the most *de minimus* physical injury satisfies the PLRA's requirement. Plaintiff further argues that the immunities claims by Trayser are not applicable to this case.

### III.  Standard of Review

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

### A. Claims Against Defendant Trayser in His Official Capacity

As argued by Trayser, the claim against him in his official capacity is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State.

[U.S. Const. amend. XI.] Courts have construed that language broadly and the Eleventh Amendment generally bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006).[2] "Whether a suit against State

---

[2] As discussed by the Sixth Circuit in Ernst v. Rising, 427 F.3d 351, 358-359 (6th Cir. 2005), a State's immunity comes with exceptions; the immunity does not attach if the lawsuit is not against the State or an arm of the State, the immunity does not extend to counties and similar municipal corporations, the immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law, the immunity may be abrogated by Congress when exercising its enforcement authority under the Fourteenth Amendment, and the immunity does not apply when the Federal Government brings the lawsuit. Additionally, a State may elect to waive that immunity through legislation through its conduct in litigation. Ernst, 427 F.3d at 358. None of these exceptions are applicable in this case.

officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief'." Doe, 21 F.3d at 736. Retroactive relief compensates a plaintiff for a past violation of his legal rights and, while retroactive relief usually takes the form of money damages, that is not necessarily the case. See Cory v. White, 457 U.S. 85, 90 n. 2, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); Doe, 21 F.3d at 736-737. Where an official capacity claim is for retroactive relief, the action is deemed to be against the State whose officers are the nominal defendants. Doe, 21 F.3d at 737.

In this case, plaintiff seeks redress for a past violation of his legal rights and, therefore, the suit is deemed to be against Michigan itself. Doe, 21 F.3d at 737. The State of Michigan, however, has not consented to civil rights suits in federal court. See Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004); Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986); see also Hill v. Michigan, 62 Fed. Appx. 114, 115 (6th Cir. 2003). Therefore, to the extent plaintiff's claims against Trayser is against him in his official capacity, the claims are barred by the Eleventh Amendment.

### B. Claims Against Defendant Trayser in His Individual Capacity

With respect to the claims against Trayser in his individual capacity, Trayser argues that he is entitled to qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200; 121 S.Ct. 2151; 150 L.Ed.2d 272 (2001) *overruled in part by* Pearson v. Callahan, 129 S.Ct. 808, 172 L.Ed.2d 565, (2009), (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The privilege is an immunity from suit and not a mere defense to liability. Saucier, 533

U.S. at 200. As a result, courts have "repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

"A court should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" Flint ex rel. Flint v. Kentucky Dept. of Corrections, 270 F.3d 340, 346-347 (6th Cir. 2001) quoting Poe v. Haydon, 853 F.2d 418, 425-426 (6th Cir. 1988). A court required to rule upon the qualified immunity issue must consider whether the facts alleged show the officer's conduct violated a constitutional right and whether that constitutional right was clearly established. Saucier, 533 U.S. at 201. In making those inquiries, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Saucier, 533 U.S. at 201.

Here, Trayser only argues that he is entitled to qualified immunity because no genuine issue of material fact exists with respect to whether a constitutional violation occurred and he is entitled to judgment as a matter of law. Each of plaintiff's claims will be examined separately, but, in this court's view, defendant Trayser is entitled to summary judgment on all of them.

### 1. Physical Assault and Verbal Threat

Plaintiff alleges that, on September 13, 2009, Trayser assaulted plaintiff by slapping plaintiff on both shoulders and squeezing and pinching plaintiff. (Complaint, ¶ 5) Plaintiff also alleges that Trayser made an unidentified threat against plaintiff on September 14, 2009. (Complaint, ¶ 6)

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). A claim of unnecessary and wanton infliction of pain has both a subjective and objective component. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir.1993).

The objective component requires that the pain be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Supreme Court has clarified that in order to be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Contemporary standards of decency determine whether a condition of confinement is sufficiently serious to constitute an Eighth Amendment violation. Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). "With respect to the objective prong, prisoners have the right not to be subjected to the unreasonable threat of injury." Id. Moreover, an assault on a prisoner by a guard can constitute an Eighth Amendment violation,

despite the fact that the prisoner does not suffer severe physical injury. Hudson v. McMillian, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The subjective component requires that the offending conduct be wanton. Wilson, 501 U.S. at 299, 111 S.Ct. 2321. For a claim of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21, 106 S.Ct. 1078 (citation omitted). Factors include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." Id. at 321. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. Other factors include the extent of any threat to the safety of staff and other prisoners, "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Id. Pain inflicted in the complete absence of penological justification is, by definition, unnecessary and wanton. Hope v. Pelzer, 536 U.S. 730, 731, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citation omitted).

Here, Trayser states in an affidavit that neither the alleged assault nor verbal threat ever happened. (Affidavit of James Trayser, ¶¶ 4-5; attached as Exhibit B to Motion for Summary Judgment) Similarly, Trayser provides the a letter from the MDOC to plaintiff stating that a subsequent MDOC investigation found that there was a lack of evidence to support plaintiff's allegations. (Letter to Plaintiff; attached as Exhibit C to Motion for Summary Judgment)

Plaintiff does not contradict that affidavit or investigation with any evidence and, instead, merely rests on the unsupported allegations of his complaint. By doing so, plaintiff has failed to submit evidence demonstrating that material issues of fact exist with respect to his physical assault or verbal threat claims and Trayser is therefore entitled to summary judgment on those claims. Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).[3]

### 2. Verbal Harassment

Plaintiff also alleges that Trayser called plaintiff a liar, thief and asshole on September 23, 2009. (Complaint, ¶ 7) As discussed above, the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitley, 475 U.S. at 319.

In this case, Trayser denies in an affidavit that he ever made those statements or verbally harassed plaintiff. (Affidavit of James Trayser, ¶¶ 5-6, attached as Exhibit B to Motion for Summary Judgment) Plaintiff, once again, submits no evidence in support of his claim and instead rests solely on the allegations made in his complaint. By doing so, plaintiff has failed to submit evidence demonstrating that material issues of fact exist with respect to his verbal harassment claim and Trayser is therefore entitled to summary judgment on that claim. Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

Moreover, as argued by defendant, plaintiff's allegations would not rise to the level of cruel and unusual punishment even if they were true. See, *e.g.*, Ivey v. Wilson, 832 F.2d 950,

---

[3]Trayser also argues that, because the alleged incident was single, isolated and brief, it was not objectively and sufficiently serious enough to constitute an Eighth Amendment violation. Given the complete lack of evidence suggesting that any assault occurred, the court need not address that argument.

954-55 (6th Cir. 1987) (use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions). See also Johnson v. Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); Jones Bey v. Johnson, 248 Fed. Appx. 675, 677-678 (6th Cir. 2007) (a plaintiff cannot state a claim for violation of his Eighth Amendment rights based on a prison guard's use of racial slurs and other derogatory language); Violett v. Reynolds, No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

### 3. Endangering Plaintiff's Safety

Plaintiff further alleges that Trayser intentionally endangered plaintiff's life by placing a cup of coffee in front of plaintiff, while plaintiff was with several other prisoners, and saying "Thank you for the information about who is bringing in the Tobacco [sic], we will talk again." (Complaint, ¶ 11)

As discussed above, the Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Various courts have held that prison officials who identify an inmate as a snitch to other inmates, with intent to provoke an assault or the fear of assault, may be held liable for an Eighth Amendment violation. See, *e.g.*, Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001) ("labeling an inmate a snitch satisfies the Farmer standard and constitutes deliberate indifference to the safety of that inmate"); Comstock v. McCrary, 273 F.3d 693, 699 n. 2 (6th Cir. 2001)(acknowledging that "[b]eing labeled a 'snitch' was dreaded, because it could make the inmate a target for other prisoners' attacks"); Hobbs v. Lockhart, 924 F.2d 774, 775 (8th Cir. 1991) (liability established for assaults on inmate because of guard's labeling inmate as an informant); Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989) (reversing district court's entry of summary judgment for defendants where plaintiff was called a snitch in front of other inmates by correctional officers); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (reversing district's court's dismissal as frivolous of prisoner's claim alleging that "prison officials have labeled him a snitch and are exposing him to inmate retaliation, perhaps because of his conduct in bringing prior lawsuits"). See also Williams v. Bulthus, 182 F.3d 920 (Table), 1999 WL 455427, *1 (6th Cir. June 24, 1999) (collecting cases); Gonzales v. Ryan, 127 F.3d 1102 (Table), 1997 WL 664728, *1 (6th Cir. Oct. 23, 1997) (allowing claim in an unpublished order).

In this case, while plaintiff may have stated a plausible claim,  he has failed to produce evidence in support of that claim and Trayser is entitled to summary judgment.  Sixth Circuit cases do discuss the dangers of being labeled a snitch, but they only do so in context of evidence provided by the parties. See, *e.g.*, United States v. Tilghman, 332 Fed. Appx. 269, 273 (6th Cir.

-12-

2009) (identifying an accusation of being a snitch as serious given the witness testimony regarding such an accusation); Comstock, 273 F.3d at 699 n. 2 (discussing the danger of being labeled a snitch as testified to be prisoners); Gonzales, 1997 WL 664728 at *1 (granting summary judgment where the plaintiff conceded in his deposition that he never received any physical injury, was never threatened, and never underwent any psychological treatment as a result of the comments). Here, plaintiff submits no evidence regarding any danger he faced and the only evidence in the record has plaintiff writing that he is not scared of being labeled a "rat" as other prisoners would not believe it. (Prisoner Stationary dated November 28, 2009; purportedly attached as Exhibit N to Plaintiff's Complaint and provided by Defendant in response to a court order (D/E #26)). As noted by defendant, plaintiff did not apply for protective custody and no evidence suggests that he faced a substantial risk of serious harm. Accordingly, Trayser is entitled to summary judgment on plaintiff's claim that Trayser endangered plaintiff's safety by identifying him as a snitch.

**4. False Misconduct Ticket**

Plaintiff also alleges that Trayser improperly called him out of the chow line, yelled at plaintiff after plaintiff filed a grievance against Trayser, and wrote a false misconduct ticket against plaintiff on October 17, 2009. (Complaint, ¶¶ 8-10) While not identified specifically as a retaliation claim in the complaint, both Trayser and plaintiff appear to treat the allegations as alleging a retaliation claim in their respective filings.

To establish a claim alleging retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action

against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) that the adverse action was taken (at least in part) because of the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999) (en banc). "Although the elements of a First Amendment retaliation claim are constant, the underlying concepts that they signify will vary with the setting-whether activity is 'protected' or an action is 'adverse' will depend on context." Bell v. Johnson, 308 F.3d 594, 602-603 (6th Cir.2002) (internal quotation marks omitted).

In this case, only the causation element of plaintiff's retaliation claim is at issue.[4] Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decision-maker is at issue and the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. Thaddeus-X, 175 F.3d at 399. Once the plaintiff has met this burden, if the defendant can show that the same action would have been taken in the absence of protected activity, the defendant is entitled to prevail on summary judgment. Smith v. Campbell, 250 F.3d 1032, 1038 (6th Cir. 2001). There is no causation where the defendant is not the decision-maker. See Smith, 250 F.3d at 1038 (holding that one of the defendants' comments did not demonstrate a causal connection between plaintiff's filing of grievances and the decision to transfer plaintiff because it was uncontroverted that the defendant making the comment was not the decision-maker in the case). Moreover, while retaliation can

---

[4]Defendant does briefly argue that the Complaint fails to identify any type of protected conduct plaintiff engaged in prior to the issuance of this misconduct violation, but the Complaint does expressly states that plaintiff filed grievances against Trayser prior to the misconduct ticket. Trayser does not dispute that plaintiff filed those grievances.

rarely be supported with direct evidence of intent, the plaintiff must have more than conclusory allegations of retaliatory motive unsupported by material facts. Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005).

In this case, the parties appear to agree that, as alleged by plaintiff, Trayser issued plaintiff a misconduct ticket on October 17, 2009. Nevertheless, there is no genuine issue of material fact as to the causation element of plaintiff's retaliation claim and Trayser is entitled to summary judgment on that claim. Trayer's affidavit expressly provides that he never said "This is how you make paper work stick" and that he did not issue the misconduct violation in retaliation for any grievance. (Affidavit of James Trayser, ¶¶ 13, 17, attached as Exhibit B to Motion for Summary Judgment) Trayser's affidavit also specifically identifies the legitimate reasons why he issued the misconduct violation. (Affidavit of James Trayser, ¶¶ 14-17, attached as Exhibit B to Motion for Summary Judgment) Moreover, as stated by Trayser in his affidavit, plaintiff was found guilty of the Insolence misconduct charge after an administrative hearing. (Affidavit of James Trayser, ¶ 18, attached as Exhibit B to Motion for Summary Judgment) Plaintiff does not provide any evidence in support of his claim. Therefore, the only evidence in the record demonstrates that Trayser did not issue the misconduct violation out of retaliation and that he would have taken the same action with any prisoner, regardless of any grievance or any other factor. Consequently, no genuine issue of material fact as to the causation element of plaintiff's retaliation claim and Trayser is entitled to summary judgment on that claim.

### C. PLRA's Limitation on Damages

Trayser also argues that, because plaintiff fails to establish an actual physical injury, his claims are barred by 42 U.S.C. § 1997e(e). 42 U.S.C. § 1997e(e) provides:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Moreover, the Sixth Circuit repeatedly has held in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. See, *e.g.*, Merchant v. Hawk-Sawyer, No. 01-6244, 2002 WL 927026, *2 (6th Cir. May 7, 2002); Garrison v. Walters, No. 00-1662, 2001 WL 1006271, *2 (6th Cir. Aug.24, 2001); Robinson v. Corrections Corp. of America, No. 99-5741, 2001 WL 857204, *1 (6th Cir. June 20, 2001). The Second, Fifth and Tenth Circuits also have found that § 1997e(e) applies to constitutional claims. See Thompson v. Carter, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); Searles v. Van Bebber, 251 F.3d 869 (10th Cir. 2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Section 1997e(e) does not, however, prevent recovery of compensatory damages for other injuries, punitive damages, and injunctive relief. See Miller v. Bock, 55 Fed. Appx. 310, 2003 WL 202173 (6th Cir. Jan 28, 2003); Williams v. Ollis, Nos. 99-2168, 99-2234, 2000 WL 1434459, *2 (6th Cir. Sept.18, 2000). Additionally, other federal courts have rejected the

physical injury requirement of § 1997e(e) when the underlying claim is for a violation of the First Amendment or other right not typically involving physical injury. As the Ninth Circuit held in Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998), "[t]he deprivation of First Amendment rights entitles a plaintiff judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." 143 F.3d at 1213. See also Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (no requirement of physical, mental or emotional injury for First Amendment claim because deprivation of First Amendment rights standing alone is a cognizable injury);

District Courts in the Eastern District of Michigan have generally taken the view that § 1997e(e) only limits recovery absent physical injury and does not bar the entire claim. See, *e.g.*, Meade v. Plummer, 344 F.Supp.2d 569, 573 (E.D. Mich. 2004) (Lawson, J.). In Meade, the court found that the "plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present" and that the plaintiff could still "recover nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries." Meade, 344 F.Supp.2d at 573-574 (citations omitted). See also Zygaj v. Granholm, No. 07-14288, 2008 WL 2074388, *2 (E.D. Mich. May 14, 2008) (Battani, J.) (stating that the "majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury, not damages that do not involve mental or emotional injury" and adopting that majority view); Shabazz v. Martin, No. 00-73005, 2006 WL 305673, *6 (E.D. Mich. February 9, 2006) (Hood, J.) (holding that the plaintiff in that case was not precluded from recovery of monetary damages pursuant to § 1997e(e) merely because he failed to demonstrate that he has suffered a

physical injury). However, in Siggers-El v. Barlow, 433 F.Supp.2d 811 (E.D. Mich. 2006) (Tarnow, J.), the court held that § 1997e(e) is not applicable to a First Amendment retaliation claim. After reviewing authority from other districts, Judge Tarnow stated in that case:

> The Court agrees with the foregoing authorities that § 1997e(e) is unconstitutional to the extent that it precludes First Amendment claims such as the one presented in this case. The Court holds that the jury was entitled to find that Plaintiff suffered mental or emotional damages as a result of Defendant's violation of his First Amendment rights. Any other interpretation of § 1997e(e) would be inconsistent with the law and also unconstitutional.

[Siggers-El, 433 F.Supp.2d 811at 816.]

Here, given the above discussion, the court should grant summary judgment on a different basis and it need not decide how § 1997e(e) limits or bars plaintiff's claim for damages in this case. To the extent this court will address the issue, it would note that plaintiff seeks more than just emotional and mental damages, and that his entire claim would not be barred by the PLRA. This court would also note that it finds the reasoning of Judge Tarnow in Siggers-El persuasive and that it would recommend that the district court reject the physical injury requirement of § 1997e(e) when the underlying claim is for a violation of the First Amendment or other right not typically involving physical injury.

## V. Conclusion

For the reasons discussed above, the court recommends that Trayer's motion be **GRANTED** and the case against him be closed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge


Dated: January 4, 2011

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 4, 2011.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan