UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WHITE, JR.,

       Plaintiff,                      Civil Action No.
                                         10-CV-11397

vs.

                                         HON. MARK A. GOLDSMITH

JAMES TRAYSER, et al.,

       Defendants.
_____/

**OPINION AND ORDER
(1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 23,
2010, REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT
WITH THIS OPINION AND ORDER,
(2) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 4,
2011 REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT
WITH THIS OPINION AND ORDER,
(3) GRANTING THE SUMMARY JUDGMENT MOTION OF DEFENDANTS
CASSA, POWELL, AND BURT,
and
(4) GRANTING THE SUMMARY JUDGMENT MOTION OF DEFENDANT
TRAYSER**

### I. INTRODUCTION

This is a prisoner civil rights case in which Plaintiff Walter White, Jr., an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that Defendants – prison officials – violated his Eighth Amendment rights under the United States Constitution. Defendants are: (1) Francine Powell, (2) Sherry Burt, (3) James Trayser, and (4) Robert Cassa.

Now before the Court are two Reports and Recommendations ("R&Rs"), both issued by Magistrate Judge Virginia M. Morgan. See docket entries 27 & 30. The first R&R, issued on December 23, 2010, relates to the motion for summary judgment filed by Defendants Cassa, Powell, and Burt. The second R&R, issued on January 4, 2011, relates to the summary judgment motion of Defendant Trayser. The Magistrate Judge recommends that

both motions be granted. Plaintiff has filed timely objections to the R&Rs. The Court reviews de novo those portions of the R&Rs to which a specific objection has been made. Fed. R. Civ. P. 72(b). Having done so, the Court concludes, as did the Magistrate Judge, that both motions for summary judgment should be granted; however, in reaching this result, the Court will, at times, employ different reasoning than that employed by the Magistrate Judge in her R&Rs.

## II. BACKGROUND

The detailed background facts of this case are adequately summarized by the Magistrate Judge in her R&Rs and need not be repeated here. However, for the present purposes, a summary of the allegations against each of the four defendants is helpful.

- Defendant Powell: Plaintiff alleges his Eighth Amendment rights were violated by Defendant Powell when she allegedly (i) denied a grievance filed by Plaintiff and (ii) had Plaintiff transferred to another facility.

- Defendant Burt: Plaintiff alleges his Eighth Amendment rights were violated by Defendant Burt, the prison warden, when she failed to act in response to the alleged behavior of the other defendants.

- Defendant Trayser: Plaintiff alleges his Eighth Amendment rights were violated by Defendant Trayser when he allegedly (i) slapped Plaintiff on the shoulders, and squeezed and pinched him, (ii) called Plaintiff a thief, liar, and "asshole," (iii) wrote a false misconduct ticket against Plaintiff, and (iv) portrayed Plaintiff as a jailhouse snitch in front of other inmates, thereby potentially endangering Plaintiff's life.

- Defendant Cassa: Plaintiff alleges his Eighth Amendment rights were violated by Defendant Cassa when he allegedly (i) stood by and did nothing while Defendant Trayser harassed and threatened Plaintiff and (ii) co-signed or supported a false misconduct ticket.

## III. ANALYSIS

The Magistrate Judge recommends that summary judgment be granted in favor of Defendants on most of Plaintiff's claims because Plaintiff had failed to come forward with evidence rebutting certain material factual assertions made by Defendants and supported with Rule 56 evidence. The gist of Plaintiff's objections is that summary judgment is premature

because Plaintiff has not had an opportunity for discovery, which he contends would enable him to rebut Defendants' evidence. Plaintiff also contends that summary judgment would be improper at this juncture because he was not alerted to the consequences of a summary judgment motion and his responsibility to respond.

Plaintiff filed a motion seeking discovery that he believes would enable him rebut Defendants' evidence. Specifically, Plaintiff seeks (i) "chow hall" video feed for three separate dates, (ii) personnel information on Defendants Cassa and Trayser, and (iii) his MDOC medical records. The Magistrate Judge issued an order denying Plaintiff's request for discovery, concluding that the discovery is premature and, in any event, would not affect the recommendations made in the R&Rs. To the extent the Magistrate Judge recommends that summary judgment be granted in favor of Defendants on Plaintiff's various claims because Plaintiff has failed to come forward with sufficient evidence, while also denying Plaintiff an opportunity to gather any evidence, the Court disagrees with the Magistrate Judge's recommendation. However, for the reasons that follow, the Court ultimately agrees with the Magistrate Judge that summary judgment in favor of Defendants is appropriate.

### A. Official Capacity Claims

Plaintiff brings his claims against Defendants in both their official and individual capacities. The Magistrate Judge recommends that all claims against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. R&R of December 27, 2010 at 6-7; R&R of January 4, 2011 at 5-6. The Magistrate Judge's analysis and conclusion is correct in this regard. Accordingly, the Court will dismiss all claims brought by Plaintiff against Defendants in their official capacities.

### B. Individual Capacity Claims

#### 1. Claims Against Defendant Powell in Her Individual Capacity

Plaintiff alleges that Defendant Powell violated his Eighth Amendment rights when she denied a grievance filed by Plaintiff and directed that Plaintiff be transferred to another facility. In her R&R of December 23, 2010, the Magistrate Judge concluded that summary judgment in favor of Defendant Powell is proper on both claims. With regard to the first claim, the Magistrate Judge noted, correctly, that the denial of an administrative grievance or failure to remedy a purported constitutional violation do not constitute sufficient personal involvement to establish a claim under 42 U.S.C. § 1983. See December 23, 2010 R&R at 10-11 (relying on Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). The Court agrees with the Magistrate Judge's analysis and conclusion and will therefore grant summary judgment in favor of Defendant Powell on this claim.

With regard to the second claim involving a purported retaliatory transfer, the Magistrate Judge determined that summary judgment in favor of Defendant Powell is proper because (i) there is no evidence that Defendant Powell was involved with, or initiated, the transfer, and (ii) even if Defendant Powell was personally involved with the transfer, a transfer from one prison to another does not rise to the level of an adverse action, as required to state a retaliation claim, unless the transfer resulted in foreseeable, negative consequences for the prisoner. See December 23, 2010, R&R at 11-12 (relying on Siggers-El v. Barlow, 412 F.3d 693, 701-701 (6th Cir. 2005), and Smith v. Yarrow, 78 F. App'x 529, 543 (6th Cir. 2003)). The Court agrees that summary judgment is proper for both of the reasons stated by the Magistrate Judge. With regard to the first reason, the Court notes that Defendant Powell's name does not appear anywhere on the transfer order, and Defendant Powell testified that she was not involved in Plaintiff's transfer and, in fact, is not authorized to transfer an inmate. Powell Aff. ¶ 7. The discovery now sought by Plaintiff is not reasonably calculated to shed light on the details surrounding the transfer, and thus would not serve to rebut Powell's testimony. Thus, there is no basis to allow this claim to proceed because, even

if the Court allowed the discovery sought, it would not help Plaintiff with regard to his retaliatory transfer claim against Defendant Powell.

### 2. Claims Against Defendant Burt in Her Individual Capacity

Plaintiff claims that Defendant Burt, the prison warden, violated his Eighth Amendment rights by failing to act in response to the alleged unconstitutional behavior of the other defendants. However, the claim is not cognizable under § 1983 because, as the Magistrate Judge correctly determined, Defendant Burt is not alleged to have personal involvement in any unconstitutional behavior. See December 23, 2010 R&R at 9-10.

### 3. Claims Against Defendant Trayser in His Individual Capacity

Plaintiff alleges that Defendant Trayser violated his Eighth Amendment rights by (i) physically assaulting Plaintiff, (ii) calling Plaintiff a thief, liar, and "asshole," (iii) writing a false misconduct ticket against Plaintiff, and (iv) portraying Plaintiff as a jailhouse snitch in front of other inmates, thereby potentially endangering Plaintiff's life. The Court addresses each claim, in turn.

#### a. Physical Assault

Plaintiff alleges that he was playing dominoes with another inmate when Defendant Trayser walked up behind him and slapped his shoulders, pinched him, and squeezed him. The allegations contained in the Complaint are not more specific than this. Plaintiff does not allege that he suffered any injury as a result of this physical contact. He does state that the shoulder slap caused pain.

The Magistrate Judge concluded that summary judgment in favor of Defendant Trayser is proper on this claim because Plaintiff had failed to offer any evidence rebutting Defendant Trayser's testimony that the assault never occurred. R&R of January 4, 2011 at 8-10. In his summary judgment motion, Defendant Trayser advanced the additional argument that summary judgment in his favor is proper because the assault, even if it did occur, was not

sufficiently serious under the Eighth Amendment standard. The Magistrate Judge did not address this argument in light of Plaintiff's failure to go beyond the pleadings and submit Rule 56 evidence creating a fact issue as to whether the assault occurred. Id. at 10 n.3.

The discovery requested by Plaintiff, and denied by the Magistrate Judge, could shed light on whether the assault occurred. Because Plaintiff's discovery requests were denied by the Magistrate Judge, it would be unfair to grant summary judgment to Defendant Trayser on this claim based on Plaintiff's failure to come forward with any evidence showing that the assault did, in fact, occur. However, summary judgment is nonetheless proper because, as Defendant Trayser previously argued, even if the assault did occur in the manner described by Plaintiff, it would not rise to the level of an Eighth Amendment violation.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. An Eighth Amendment claim must satisfy an objective element and a subjective element. The objective element requires that the alleged deprivation be "sufficiently serious"; the subjective element requires that the prison official have a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

With regard to the objective element, the Supreme Court has repeatedly admonished that "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Johnson v. Glick, 481 F.2d [1028, 1033 (2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). Indeed, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. (internal quotation marks omitted). For example, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 130 S.

Ct. 1175, 1178 (2010). See, e.g., Jones Bey v. Johnson, 248 F. App'x 675, 677 (6th Cir. 2007) (pain and swollen wrists resulting from tight handcuffs and mashing of hands against food slot in cell are de minimis injuries); Samuels v. Hawkins, 157 F.3d 557 (8th Cir. 1998) (throwing cup of liquid on inmate who was in restraints was de minimis force); Norman v. Taylor, 25 F.3d 1259, 1262-64 (4th Cir. 1994) (keys swung at inmate's face which struck his thumb was de minimis force); White v. Holmes, 21 F.3d 277, 280-281 (8th Cir. 1994) (keys thrown at inmate, hands put on inmate's face, and flailing arms at inmate's head was de minimis force); Jackson v. Pitcher, 966 F.2d 1452 (6th Cir. 1992) (stomping on prisoner's hand when he bent over to pick up a cigarette was de minimis force); Fackler v. Dillard, No. 06-10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006) (throwing a four ounce cup of urine through an inmate's food slot resulting in urine splashing on the inmate was a de minimis use of force); Candelaria v. Coughlin, 787 F. Supp. 368, 374-75 (S.D.N.Y. 1992) (fist pushed against neck of inmate causing him to lose his breath was de minimis force); Neal v. Miller, 778 F.Supp. 378, 384 (W.D. Mich. 1991) (backhand blow with fist to the groin of inmate was de minimis force).

In the present case, Plaintiff complains that Defendant Trayser approached him from behind, slapped his shoulders, and squeezed and pinched him. Plaintiff does not allege that he sustained any injuries as a result of this physical contact, nor does he allege that he suffered any lingering pain. This is precisely the type of minor physical contact that qualifies as de minimis under the Eighth Amendment. In fact, the contact occurring in some of above-cited de minimis force cases is far worse than the physical contact that occurred here. Plaintiff's allegation of physical assault, even if taken as true, does not come close to stating a cognizable Eighth Amendment claim.

### b. Verbal Harassment

Plaintiff alleges that Defendant Trayser called him a liar, thief, and "asshole." The Magistrate Judge concluded that these allegations do not rise to the level of an Eighth Amendment violation. January 4, 2011, R&R at 10-11. The Magistrate Judge's analysis and conclusion in this regard are correct for the reasons stated in the R&R.

### c. False Misconduct Ticket

Plaintiff alleges that he was issued a false misconduct ticket on October 17, 2009, in retaliation for Plaintiff having filed a grievance against Trayser. The Magistrate Judge concluded that Trayser is entitled to summary judgment on this claim because Plaintiff failed to produce any evidence responsive to Trayer's testimony that he "would have taken the same action with any prisoner, regardless of any grievance or any other factor." Trayser Aff. ¶ 11.

The Court believes that summary judgment in favor of Trayser is proper on this claim but for a different reason than the one recommended by the Magistrate Judge. The Sixth Circuit has held that "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" Jackson v. Madery, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994)). Here, Plaintiff was found guilty of the conduct alleged in Trayser's October 17, 2009, misconduct ticket, and the "Major Misconduct Hearing Report," attached as Exhibit B (attachment 2) to Trayser's motion for summary judgment, reflects that the guilty finding was supported by evidence. Thus, Plaintiff's retaliation claim is foreclosed by Jackson.

### d. Endangering Plaintiff by Portraying Him as a Snitch

Plaintiff alleges that Defendant Trayser endangered his life by giving him a cup of coffee and, in the presence of other inmates, thanking him for "the information about who is bringing in the Tobacco." The Magistrate Judge concluded that Defendant Trayser is entitled to summary judgment on this claim because Plaintiff submitted no evidence regarding any danger that he faced as a result of the threat. The Court agrees with this result.

The law is clear that "labeling an inmate a snitch satisfies the Farmer standard, and constitutes deliberate indifference to the safety of that inmate." Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001). See also Comstock v. McCrary, 273 F.3d 693, 699, n.2 (6th Cir. 2001) (acknowledging that "[b]eing labeled a 'snitch' was dreaded, because it could make the inmate a target for other prisoners' attacks"). However, to state a claim for deliberate indifference under the Eighth Amendment in the Sixth Circuit, there must be some resulting harm stemming from being labeled a snitch. See Catanzaro v. Mich. Dep't of Corrections, No. 08-11173, 2009 WL 4250027, at *11 (E.D. Mich. Nov. 19, 2009) ("an Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury"); Thompson v. Mich. Dep't of Corrections, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"); Gibbs v. Ball, 2009 WL 331604, at *4 (E.D. Mich. 2009) (no Eighth Amendment violation where plaintiff was labeled a "rat," but did not show actual physical injury). See also Saunders v. Tourville, 97 F. App'x 648 (7th Cir. 2004) (no Eighth Amendment claim for an inmate who suffers only the risk of physical harm).[1]

The Court assumes for the present purposes that Defendant Trayser portrayed Plaintiff as a snitch in front of other inmates. Even if the allegation is true, Plaintiff's Eighth Amendment claim fails because he has not alleged that he suffered any harm as a result of being labeled a snitch. In fact, a handwritten entry from Plaintiff's personal journal reflects that Plaintiff was "not scared" after being portrayed as a snitch because "to[o] many

---

[1] Conversely, in the Tenth Circuit, a prisoner need not show that an injury resulted from being labeled a snitch. See Benefield, 241 F.3d at 1271 (rejecting the position that, in order to state an Eighth Amendment claim, the plaintiff must show that he was assaulted after being labeled a snitch, since the plaintiff must only show a "substantial risk of serious harm" to satisfy the objective prong of an Eighth Amendment claim, and "not need to wait until he is actually assaulted before obtaining relief" (quoting cases; emphasis added)). This is not the law in the Sixth Circuit.

9

prisoner's [sic] here know who I am and know what kind of person I am and a rat is not it." See docket entry 26 (journal entry dated November 28, 2009). Moreover, the record does not reflect that Plaintiff requested protective custody, or expressed any fear whatsoever as a result of Trayser's statement. Under these circumstances, and in light of the authority referenced above, Plaintiff's Eighth Amendment claim is not viable.

### 4. Claims Against Defendant Cassa in His Individual Capacity

Plaintiff alleges that his Eighth Amendment rights were violated by Defendant Cassa when he allegedly (i) stood by and did nothing while Defendant Trayser harassed and threatened Plaintiff and (ii) co-signed or supported a false misconduct ticket. Both claims are not viable because the Court has already determined that Trayser's actions – his alleged physical and verbal harassment of Plaintiff, and the issuance of the misconduct ticket – do not rise to the level of an Eighth Amendment violation or constitute First Amendment retaliation, respectively, as a matter of law. Because the underlying conduct of Trayser was not unlawful, Defendant Cassa cannot somehow be held liable for his support of, or participation in, such behavior.

### IV. CONCLUSION

For the reasons stated above, the R&Rs of December 23, 2010, and January 4, 2011, are accepted and adopted insofar as consistent with the foregoing, and summary judgment is granted in favor of Defendants.

SO ORDERED.

             s/Mark A. Goldsmith
             MARK A. GOLDSMITH
             United States District Judge

Dated: March 25, 2011

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2011.

                                                  s/Deborah J. Goltz  
                                                  DEBORAH J. GOLTZ  
                                                  Case Manager